United States District Court
Southern District of Texas
FILED

OCT 7 2013

David J. Bradley, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| HOUSTON REGIONAL SPORTS NETWORK, L.P. | ) Chapter 11 |
| | ) |
| | ) Case No. 13-35998 |
| Alleged Debtor. | ) |
| | ) |
| | ) |

## ASTROS' MOTION TO SEAL

Houston Astros, LLC, Astros HRSN GP Holdings LLC, and Astros HRSN LP Holdings LLC (collectively the "Astros") hereby move pursuant to 11 U.S.C. § 107(b)(1) and Federal Rule of Bankruptcy Procedure 9018, for leave to redact confidential commercial information from the publicly filed version of their Motion to Dismiss the Involuntary Petition, and the supporting affidavits and exhibits attached thereto. In support hereof, the Astros respectfully state as follows:

### BACKGROUND

1. On September 27, 2013, Houston SportsNet Finance, LLC; Comcast Sports Management Services, LLC; National Digital Television Center, LLC; and Comcast SportsNet California, LLC (collectively the "Petitioning Creditors"), filed an Involuntary Petition under chapter 11 of the Bankruptcy Code against Houston Regional Sports Network, L.P. (the "Alleged Debtor" or "Network"). Sept. 27, 2013 Involuntary Pet. [Dkt. 1]. The next day, the Petitioning Creditors filed an Emergency Motion seeking an order to appoint an interim chapter 11 trustee purportedly "because of a present, debilitating deadlock in the General Partner's, and hence the

Network's, management." Sept. 28, 2013 Emergency Mot. for Appointment of Interim Chapter 11 Trustee [Dkt. 3] at 1-2.

2. The Astros maintain that the Involuntary Petition is without merit, and that the Petitioning Creditors, all of which are affiliates of Comcast, filed the Involuntary Petition to force the Network into bankruptcy in an effort to circumvent the bargained-for terms of the Limited Partnership Agreement.

3. In response to the Involuntary Petition, the Astros will file a Motion to Dismiss and supporting affidavits and exhibits which contain the Astros' sensitive and confidential commercial information including:

(a) pricing and other terms of the Astros' Media Rights Agreement with the Network;

(b) pricing and other terms of the Comcast Management Services Agreement;

(c) pricing and other terms of the Comcast Affiliation Agreement;

(d) information relating to the Astros' business model;

(e) the Network's operating budget; and

(f) amounts billed for services rendered by National Television Center, LLC ("Comcast Media").

4. Accordingly, the Astros request that the Court authorize, pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, confidential treatment for the commercially sensitive information in the Astros' Motion to Dismiss and supporting affidavits and exhibits attached thereto. In particular, the Astros' respectfully seek to redact the items highlighted in yellow in the Astros' Motion to Dismiss and the October 7, 2013 Declaration of Margaret Barradas, as well as to seal the following exhibits:

- Exhibit 2: Excerpts to the Second Amended and Restated Limited Liability Company Agreement of Houston Regional Sports Network, LLC ("General Partner Agreement");

- Exhibit 3: Excerpts to the Amended and Restated Media Rights License Agreement by and between Houston McLane Company, LLC and the Network (the "Astros' Media Rights Agreement");

- Exhibit 7: The September 24, 2013 Weekly Aging Report;

- Exhibit 8: Excerpts to the Comcast Network Services Agreement by and between Comcast Sports Management Services, LLC and the Network (the "Comcast Management Services Agreement"); and

- Exhibit 10: Excerpts to the Second Amended and Restated Agreement of Limited Partnership of Houston Regional Sports Network, L.P. ("Limited Partnership Agreement").

5.  Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential or sensitive commercial information. *See, e.g., In re Faucett*, 438 B.R. 564, 568-69, 571 n.3 (Bankr. W.D. Tex. 2010) (sealing confidential commercial information under Section 107). Specifically, Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (l) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

6.  Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Section 107(b) and states:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. The purpose of Section 107 and Bankruptcy Rule 9018 is to protect "business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

7. The confidential information that the Astros seek to file under seal includes "commercial information," the disclosure of which "'would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Northstar Energy, Inc.*, 315 B.R. 425, 428-29 (Bankr. E.D. Tex. 2004) (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)). Disclosure of this information would provide an unfair advantage to competitors, and cause financial harm not only to the Astros, but also the other parties involved in this litigation. Moreover, the disclosure of such information serves no public purpose.

8. While the Astros are committed to the principle that this judicial proceeding, like any other, should be largely open to the public and on the public record, it is entirely appropriate for the Court to seal documents containing expressly confidential and sensitive commercial information.

## CONCLUSION

For the foregoing reasons, the Astros respectfully request that this Court enter an order granting the relief requested herein and any other relief that the Court may deem appropriate.

Dated: October 7, 2013

| | |
|---|---|
| Harry Perrin<br>Duston K. McFaul<br>VINSON ELKINS LLP<br>1001 Fannin Suite 2500<br>Houston, Texas 77002<br>Telephone: (713) 758-2548<br>Facsimile: (713) 615-5016<br>hperrin@velaw.com<br>dmcfaul@velaw.com | /s/ Thomas A. Clare, P.C.<br>Paul M. Basta, P.C. (*pro hac vice*)<br>Marc Kieselstein, P.C. (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>paul.basta@kirkland.com<br>marc.kieselstein@kirkland.com |

Jeffrey S. Powell (*pro hac vice*)
Thomas A. Clare, P.C. (*pro hac vice*)
Elizabeth M. Locke (*pro hac vice)*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeff.powell@kirkland.com
thomas.clare@kirkland.com
elizabeth.locke@kirkland.com

*Counsel for Houston Astros, LLC, Astros HRSN GP Holdings LLC, and Astros HRSN LP Holdings LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Astros' Motion to Seal was filed electronically on this 7th day of October 2013. Notice of this filing will be sent to, and can be accessed by, all parties via the Court's electronic filing system.

Howard M. Shapiro
Craig Goldblatt
Jonathan Paikin
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
howard.shapiro@wilmerhale.com
craig.goldblatt@wilmerhale.com
jonathan.paikin@wilmerhale.com

*Counsel for Petitioning Creditors*

George W. Shuster, Jr.
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
george.shuster@wilmerhale.com

*Counsel for Petitioning Creditors*

Arthur J. Burke
Timothy Graulich
Dana M. Seshens
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5352
arthur.burke@davispolk.com
timothy.graulich@davispolk.com
dana.seshens@davispolk.com

*Counsel for Petitioning Creditors*

Vincent P. Slusher
Andrew Zollinger
DLA PIPER
1717 Main Street
Suite 4600
Dallas, Texas 75201-4629
Telephone: (214) 743-4500
Facsimile: (972) 813-6267
vince.slusher@dlapiper.com
andrew.zollinger@diapiper.com

*Counsel for Petitioning Creditors*

_____
Thomas A. Clare, P.C. (*pro hac vice*)