IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | Chapter 11 |
| HOUSTON REGIONAL SPORTS ) | |
| NETWORK, L.P. ) | |
|         Alleged Debtor. ) | Case No.: 13-35998 |
| ) | |
| ) | |

**PETITIONING CREDITORS' MOTION TO SEAL**

Houston SportsNet Finance, LLC, Comcast Sports Management Services, LLC, National Digital Television Center, LLC, and Comcast SportsNet California, LLC (collectively, the "**Petitioning Creditors**") hereby move, pursuant to 11 U.S.C. § 107(b)(1) and Federal Rule of Bankruptcy Procedure 9018, for leave to redact confidential commercial information from the publicly filed version of their Response (the "**Response**") to the Motion to Dismiss [Dkt. No. 64] filed by Houston Astros, LLC, Astros HRSN GP Holdings LLC, and Astros HRSN LP Holdings LLC (collectively, the "**Astros**"). In support hereof, the Petitioning Creditors respectfully state as follows:

**BACKGROUND**

1. On September 27, 2013, the Petitioning Creditors filed an Involuntary Petition under Chapter 11 of the Bankruptcy Code against Houston Regional Sports Network, L.P. (the "**Alleged Debtor**" or "**Network**"), the corporate general partner of which is Houston Regional Sports Network, LLC ("**General Partner**").  (Sept. 27, 2013 Involuntary Pet., at 1.)  On October 7, 2013, the Petitioning Creditors filed an Emergency Motion for Appointment of Interim Chapter 11 Trustee to administer the affairs of the Alleged Debtor because of a debilitating deadlock in the General Partner's, and hence the Network's, management.  (Sept.

WEST\243449132.1

28, 2013 Emergency Mot. of Petitioning Creditors for Appointment of Interim Ch. 11 Trustee, at 1-2.)  On October 7, 2013, the Astros filed a Motion to Dismiss Involuntary Petition for Chapter 11.

2. In response to the Astros' Motion to Dismiss, the Petitioning Creditors will file a Response which contains the Petitioning Creditors' sensitive and confidential commercial pricing information.

3. Accordingly, the Petitioning Creditors request in accordance with the Court's October 10, 2013 Order Sealing Documents that the Court authorize, pursuant to Section 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018, and, confidential treatment for the commercially sensitive pricing information in the Response.  In particular, the Petitioning Creditors respectfully seek to redact the specified monetary amounts and economic terms highlighted in the Response, the disclosure of which would be harmful to the business of the Petitioning Creditors and the Alleged Debtor.

4. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential or sensitive commercial information. *See, e.g., In re Fawcett*, 438 B.R. 564, 570-71 (Bankr. W.D. Tex. 2010) (determining that some of the information contained in two exhibits constitute commercial confidential information and should thus be sealed).

5. Under Bankruptcy Rule 9018, a party may move for relief under Section 107(b) by motion.  Alternatively, the court "on its own initiative . . . may make any order which justice requires (1) to protect . . . any entity in respect of . . . confidential . . . commercial information." Fed. R. Bankr. P. 9018.

6. The confidential information that the Petitioning Creditors seek to file under

seal is confidential commercial information that would result in "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Fawcett*, 438 B.R. at 567 (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

      7. As the information that the Petitioning Creditors seek to seal is limited to two discrete monetary amounts which disclosure would not only provide an unfair advantage to competitors but also cause harm to the Petitioning Creditors, it is entirely appropriate for the Court to grant this Motion to Seal.

## CONCLUSION

For the foregoing reasons, the Petitioning Creditors respectfully request that the Court enter an order granting the relief requested herein and any other relief that the Court may deem appropriate.

Respectfully submitted,

| | |
|---|---|
| Howard M. Shapiro | /s/  Vincent P. Slusher |
| Craig Goldblatt | Vincent P. Slusher |
| Jonathan Paikin | Andrew Zollinger |
| WILMER CUTLER PICKERING | DLA PIPER |
|     HALE AND DORR LLP | 1717 Main Street |
| 1875 Pennsylvania Ave., N.W. | Suite 4600 |
| Washington, D.C.  20006 | Dallas, Texas 75201-4629 |
| (202) 663-6000 | (214) 743-4500 |
| | |
| George W. Shuster, Jr. | Arthur J. Burke |
| WILMER CUTLER PICKERING | Dana M. Seshens |
|     HALE AND DORR LLP | Timothy Graulich |
| 7 World Trade Center | DAVIS POLK & WARDWELL LLP |
| 250 Greenwich Street | 450 Lexington Avenue |
| New York, NY 10007 | New York, NY 10017 |
| (212) 230-8800 | (212) 450-4000 |

*Counsel for the Petitioning Creditors*

Submitted October 15, 2013