

January 6, 2014

Thaddeus Brown
Rocket Ball, Ltd.
1510 Polk Street
Houston, TX 77002

Dear Tad:

Following up on the conversations we have had, I am writing to you in your capacity as "lead negotiator" for the Houston Sports Regional Network, LP, pursuant to the Amended Order Extending Third Party Negotiations. Dkt. 171, Case No. 13-35998 (Bankr. S.D. Tex. Dec. 12, 2013).

Comcast's position throughout this matter, beginning with the pleadings it filed for the appointment of a trustee that accompanied the filing of the involuntary petition, has been that it is prepared to make a bid to acquire the Network, thus ensuring that the Network could successfully reorganize in bankruptcy. Although the passage of time and other events have affected the valuation, Comcast Owner remains prepared to make a "stalking horse" bid for the acquisition of the Network.

Specifically, Comcast Owner is prepared to make a bid to acquire the equity of a reorganized network under a plan of reorganization. Our stalking horse bid would be (based on the circumstances as we currently understand them, and subject to a reasonable aggregate cap) in the amount necessary to satisfy in full all pre-petition secured, administrative, priority and general unsecured claims, including the amounts necessary to cure the existing defaults under the Astros' and Rockets' media rights agreements. The bid is contingent on a transaction closing on or before April 30, 2014. We would propose to adjourn our motion to appoint a trustee, and instead seek the appointment of an examiner with expanded powers, charged with conducting an auction under a plan, distributing the sale proceeds, and winding down the chapter 11 case. We would be prepared to negotiate the specific terms of the proposed stalking horse bid with the examiner.

To the extent the Rockets wish to remain a partner with Comcast in the Network, we would be prepared to allow the Rockets to purchase up to 20 percent of the equity in the reorganized Network in exchange for contributing an equal percentage of the purchase price. As we have discussed, however, the Rockets would receive appropriate minority investor protections, not a role in the governance of the reorganized Network.

Thaddeus Brown
January 6, 2014
Page 2

In our discussion you mentioned to me (consistent with what Leslie Alexander said in court) that the Rockets might be willing to make their own bid—either independently or with a financial partner. It is certainly your prerogative to do that. If the Rockets do propose their own stalking-horse bid, Comcast would look forward to the opportunity to study it in order to decide whether to participate in an auction. We want to be clear, however, that the Rockets must decide whether to participate with Comcast or to proceed separately.

In any event, whichever path you choose, it does seem clear that you are now in a position to report to the bankruptcy court on January 7 that you have in hand at least one offer that would allow the Network to reorganize in chapter 11. In deciding how to proceed, we trust that you will want to inform the court fully of the state of play, including this offer.

We look forward to working with you and the Astros on a schedule that will permit the court promptly to resolve the Astros' objections to the filing and consider a plan of reorganization. We appreciate your efforts.

Sincerely yours,

Robert S. Pick
Senior Vice President
Comcast Corporation