**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

In re:                                               :
                                                     :
                                                     :      Chapter 11
HOUSTON REGIONAL SPORTS               :
NETWORK, L.P.                                  :
                         Debtor.             :      Case No.: 13-35998
                                                     :
                                                     :

### COMCAST'S EMERGENCY MOTION TO FILE UNDER SEAL

Houston SportsNet Finance, LLC, Comcast Sports Management Services, LLC, National Digital Television Center, LLC, and Comcast SportsNet California, LLC (collectively "**Comcast**") hereby move, pursuant to 11 U.S.C. § 107(b)(1) and Federal Rule of Bankruptcy Procedure 9018, for leave to file under seal their Emergency Motion For An Order Protecting The Comcast-Appointed Directors Of The Debtor's General Partner From The Teams' And Potential Purchaser's Abuse Of Bankruptcy Process In View Of Directors' Fiduciary Roles (the "**Motion**"). In support hereof, Comcast respectfully states as follows:

### BACKGROUND

1. On September 27, 2013, Comcast filed an Involuntary Petition under Chapter 11 of the Bankruptcy Code against Houston Regional Sports Network, L.P. (the "**Alleged Debtor**" or "**Network**"), the corporate general partner of which is Houston Regional Sports Network, LLC ("**General Partner**").  (Sept. 27, 2013 Involuntary Pet., at 1.)

2. On February 4, 2014, the Court entered an Order for Relief and Case Management Order [Dkt. No. 210].

3. On the July 2, 2014, the Court held a status conference (the "**Hearing**") in this case to discuss, among other things, the status of the reorganization efforts of the Debtor.  To

protect the economic viability of the Debtor and the related marketing efforts by the Debtor, portions of the hearing were closed to the public, and the transcript was maintained under seal.

4.   In connection with certain matters discussed at the Hearing, Comcast is filing the Motion, which discusses and relates directly to the Hearing, and which cites and quotes the Hearing transcript in multiple instances.

5.   Accordingly, Comcast requests that the Court authorize Comcast to file the Motion under seal pursuant to Section 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018, as it contains commercially sensitive information, the disclosure of which would be harmful to the business and to the reorganization efforts of the Debtor.

6.   Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential or sensitive commercial information.  *See, e.g.*, *In re Fawcett*, 438 B.R. 564, 570–71 (Bankr. W.D. Tex. 2010) (determining that some of the information contained in two exhibits constitute commercial confidential information and should thus be sealed).

7.   Under Bankruptcy Rule 9018, a party may move for relief under Section 107(b) by motion.  Alternatively, the court "on its own initiative . . . may make any order which justice requires (1) to protect . . . any entity in respect of . . . confidential . . . commercial information."  Fed. R. Bankr. P. 9018.

8.   The confidential information that Comcast seeks to file under seal is confidential commercial information that would result in "'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"  *In re Fawcett*, 438 B.R. at 567 (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

9.   As the information that Comcast seeks to seal is limited to information which, if

2

disclosed, would not only provide an unfair advantage to competitors but also hinder the ongoing reorganization efforts of the Debtor, it is entirely appropriate for the Court to grant this Emergency Motion to Seal.

WEST\249112829.2

## CONCLUSION

For the foregoing reasons, Comcast respectfully requests that the Court enter an order granting the relief requested herein and any other relief that the Court may deem appropriate.

Respectfully submitted,

| | |
|---|---|
| | /s/  Vincent P. Slusher |
| Howard M. Shapiro | Vincent P. Slusher |
| Craig Goldblatt | Andrew Zollinger |
| Jonathan Paikin | DLA PIPER LLP (US) |
| WILMER CUTLER PICKERING | 1717 Main Street |
| HALE AND DORR LLP | Suite 4600 |
| 1875 Pennsylvania Ave., N.W. | Dallas, Texas 75201-4629 |
| Washington, D.C.  20006 | (214) 743-4500 |
| (202) 663-6000 | |
| | Arthur J. Burke |
| George W. Shuster, Jr. | Dana M. Seshens |
| WILMER CUTLER PICKERING | Timothy Graulich |
| HALE AND DORR LLP | DAVIS POLK & WARDWELL LLP |
| 7 World Trade Center | 450 Lexington Avenue |
| 250 Greenwich Street | New York, NY 10017 |
| New York, NY 10007 | (212) 450-4000 |
| (212) 230-8800 | |

*Counsel for Houston SportsNet Finance, LLC, Comcast Sports Management Services, LLC, National Digital Television Center, LLC, and Comcast SportsNet California, LLC*

Submitted July 28, 2014