UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| HOUSTON REGIONAL SPORTS NETWORK, L.P. | § | Case No. 13-35998 |
| | § | |
| Debtor. | § | |

EMERGENCY MOTION OF HOUSTON REGIONAL SPORTS
NETWORK, L.P. FOR ENTRY OF AGREED PROTECTIVE ORDER
REGARDING PLAN-RELATED MATERIALS
AND AUTHORIZING CERTAIN FILINGS UNDER SEAL

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**AN EMERGENCY HEARING ON THIS MATTER HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Houston Regional Sports Network, L.P. ("HRSN" or the "Debtor") as debtor and debtor-in-possession files the Emergency Motion of Houston Regional Sports Network, L.P. for Entry of

1052836.1

Agreed Protective Order Regarding Plan-Related Materials and Authorizing Certain Filings Under Seal.  In support of the Motion, the Debtor respectfully represents the following.

### Preliminary Statement and Request for Emergency Relief

1. The Debtor seeks entry of the protective order submitted with this Motion (the "Proposed Order"), which (a) establishes a protocol for the exchange of "Confidential" or "Highly Confidential" information as part of the contested matter relating to the Debtor's recently-filed chapter 11 plan (the "Plan," docket no. 471), and (b) authorizes the Plan Proponents and Investors (as both terms are defined below) to file certain Plan-related materials under seal.  The terms of the Proposed Order have been negotiated among the Plan Proponents, the Investors and the Comcast Parties (as defined below).

2. The Debtor seeks emergency relief due to the expedited discovery schedule that the parties are currently negotiating, and the agreed nature of the relief sought.

### Jurisdiction and Venue

3. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested is Fed. R. Civ. P. 26(c), made applicable to this contested matter by Fed. R. Bankr. P. 7026 and 9014.

### Background

5. The Debtor has three (3) limited partners:  Houston SportsNet Holdings, LLC, which is an affiliate of Comcast, Inc. ("Comcast Owner"); Rockets Partner, L.P., and Astros HRSN LP Holdings LLC.

6.     In this Motion, Comcast Owner, Houston SportsNet Finance, LLC, Comcast Sports Management Services, LLC, National Digital Television Center, LLC, Comcast SportsNet California, LLC, Comcast Cable Communications, LLC, SportsChannel Pacific Associates, NBCUniversal Media LLC, and SportsChannel New England LLC are referred to collectively as the "Comcast Parties."

7.     On August 6, 2014, the Debtor filed the Plan.  The Plan contemplates that the Reorganized Debtor (as defined in the Plan) will be owned by AT&T Services, Inc., AT&T Teleholdings, Inc., DIRECTV, LLC and DIRECTV Sports Networks, LLC (collectively, the "Investors").

8.     The proponents of the Plan are the Debtor, Rocket Ball, Ltd., and Houston Astros, LLC (collectively, the "Plan Proponents").

## Relief Requested

9.     Pursuant to Fed. R. Civ. P. 26(c), the Debtor requests that the Court enter the Proposed Order.

10.    The Plan Proponents and the Investors believe that certain of the Plan Documents (as defined in the Plan) contain confidential information that is subject to protection from disclosure under Bankruptcy Code Section 107 and Federal Rule of Bankruptcy Procedure 9018. To address this issue, the Plan Proponents, the Investors and the Comcast Parties have negotiated the Proposed Order, which establishes an agreed mechanism for the exchange of "Confidential" and "Highly Confidential" information, and authorizes the Plan Proponents and the Investors to file certain Plan Documents under seal.

11.    Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall… (1) protect an entity with respect to a trade secret or

confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 provides that the Court may make any order justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. FED.R.BANKR.P. 9018 "[C]onfidential commercial information does not need to rise to the level of trade secret in order to obtain protection under § 107(b)(1)." *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2nd Cir. 1994). The provisions are "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *See in re Northstar Energy, Inc.,* 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) citing *In re Global Crossing, Ltd.,* 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

12. Under Bankruptcy Code section 107(b) and Bankruptcy Rule 9018, entry of the Proposed Order, providing for appropriate protection of Confidential and Highly Confidential information, is necessary to protect the interests of the estate, the Investors and any other litigant producing Confidential or Highly Confidential information.

### Certification of Accuracy Pursuant to Local Rule 9013-1(i)

13. Pursuant to Local Rule 9013-1(i), undersigned counsel hereby certifies the accuracy of the facts set forth in the foregoing Motion.

**Conclusion**

WHEREFORE the Debtor respectfully requests that the Court enter the Proposed Order and grant such other and further relief as is just and proper.

Dated: August 15, 2014                    Respectfully submitted,

                                                 **HAYNES AND BOONE, LLP**

                                                 */s/ Henry Flores*
Charles A. Beckham, Jr.
Texas Bar No. 02016600
Henry Flores
Texas Bar No. 00784062
Christopher L. Castillo
Texas Bar No. 24065022
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Fax: (713) 547-2600
charles.beckham@haynesboone.com
henry.flores@haynesboone.com
christopher.castillo@haynesboone.com

*Counsel to Debtor and Debtor in Possession*

**CERTIFICATE OF CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(c)(1), the undersigned hereby certifies that counsel for the movant has conferred in good faith with counsel the affected parties, and that the proposed order submitted with this Motion is the result of those efforts.

*/s/  Henry Flores*
Henry Flores

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 15, 2014, true and correct copies of the foregoing were served via email upon the parties that receive electronic notice in this case pursuant to the Courts' ECF filing system.

*/s/  Henry Flores*
Henry Flores

1052836.1