IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>HOUSTON REGIONAL SPORTS NETWORK, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-35998 |

### NOTICE OF ELECTION OF HOUSTON SPORTSNET FINANCE, LLC PURSUANT TO 11 U.S.C. § 1111(b)

Houston SportsNet Finance, LLC ("**Comcast Lender**") hereby makes an election for the application of 11 U.S.C. § 1111(b)(2) with respect to the treatment, under the *Amended Chapter 11 Plan of Reorganization Dated September 4, 2014 in Respect of Houston Regional Sports Network, L.P.* (the "**Proposed Plan**"), of the Claim of Comcast Lender set forth in Claim No. 30 (the "**Comcast Lender Claim**") filed in the above-referenced chapter 11 case.

The election under section 1111(b)(2) entitles the full allowed amount of the Comcast Lender Claim to be treated as secured, notwithstanding section 506(a) of the Bankruptcy Code. *See* 11 U.S.C. § 1111(b)(2). As such, the Bankruptcy Code requires that the deferred cash payments provided to Comcast Lender under section 4.1 of the Proposed Plan equal the total amount of the allowed Comcast Lender Claim, with such payments having a present value of the value of the collateral securing the Comcast Lender Claim. 11 U.S.C. § 1129(b)(2)(A); *see Bank of N.Y. Trust Co., N.A. v. Official Unsecured Creditors' Comm. (In re Pacific Lumber Co.)*, 584 F.3d 229, 247 n.22 (5th Cir. 2009); *Gen. Elec. Credit Equities, Inc. v. Brice Rd. Devs., L.L.C. (In re Brice Rd. Devs., L.L.C.)*, 392 B.R. 274, 285 (B.A.P. 6th Cir. 2008) (quoting *First Fed. Bank of Cal.*

*v. Weinstein (In re Weinstein)*, 227 B.R. 284, 294 (B.A.P. 9th Cir. 1998)). In addition, Comcast Lender will be statutorily entitled to retain its liens against the Reorganized Debtor until it receives payment in full. *See* 11. U.S.C. § 1129(b)(2)(A)(i); *In re River East Plaza, LLC*, 669 F.3d 826, 833 (7th Cir. 2012) (Posner, J.) ("[T]he creditor retains his collateral. That is the quid for the quo of giving up the right to immediate payment."); *see also Radlax Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065 (2012) (holding that a plan proponent could not seek confirmation of a chapter 11 plan under the general "indubitable equivalent" section of 1129(b)(2)(A)(iii) when a more specific section of 1129(b)(2) applied). Thus, the Proposed Plan will not satisfy the requirements of the Bankruptcy Code, and will be unconfirmable, unless it is amended to provide the Comcast Lender Claim with the treatment required by section 1129(b)(2)(A)(i).[1]

Comcast Lender reserves the right to revoke the foregoing election if the Proposed Plan, or any of its provisions affecting the rights of Comcast Lender or the treatment of Comcast Lender's claims, is amended or modified in any material respect, other than as required to reflect Comcast Lender's section 1111(b) election. This election is without prejudice to Comcast Lender's right to argue at the Confirmation Hearing that it is fully secured or oversecured and is entitled to all rights and remedies in connection therewith.

---

[1] For example, sections 7.7 and 7.8 of the Proposed Plan provide that the Proponents intend to escrow cash in an amount equal to the value of Comcast Lender's collateral, pending Comcast Lender's secured claim becoming an allowed claim, and that the Debtor's assets will re-vest in the Reorganized Debtor free and clear. This treatment is not sufficient to address the requirements of section 1129(b) because Comcast Lender has made the election under section 1111(b). *See River East Plaza*, 669 F.3d at 831 ("[A] secured creditor cannot be forced to accept substitute collateral if the creditor has chosen to convert a combination of secured and unsecured claim into a secured claim equal to the debt that is owed [by making the 1111(b) election]."); *see generally RadLax*, 132 S. Ct. 2065.

Dated: September 12, 2014

                                                Respectfully submitted,

                                                */s/ Vincent P. Slusher*

| | |
|---|---|
| Howard M. Shapiro | Vincent P. Slusher |
| Craig Goldblatt | Andrew Zollinger |
| Jonathan Paikin | DLA PIPER |
| WILMER CUTLER PICKERING HALE | 1717 Main Street |
|     AND DORR LLP | Suite 4600 |
| 1875 Pennsylvania Avenue, N.W. | Dallas, TX 75201-4629 |
| Washington, D.C. 20006 | (214) 743-4500 |
| (202) 663-6000 | |
| | |
| George W. Shuster, Jr. | Arthur J. Burke |
| WILMER CUTLER PICKERING HALE | Timothy Graulich |
|     AND DORR LLP | Dana M. Seshens |
| 7 World Trade Center | DAVIS POLK & WARDWELL LLP |
| 250 Greenwich Street | 450 Lexington Avenue |
| New York, NY 10007 | New York, NY 10017 |
| (212) 230-8800 | (212) 450-4000 |

*Counsel for Comcast Lender*