IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>HOUSTON REGIONAL SPORTS<br>NETWORK, L.P.,<br><br>                Debtor. | Chapter 11<br><br>CASE NO. 13-35998 |

**COMCAST CLAIMANTS' (I) OBJECTION UNDER SECTION 502(a)
OF THE BANKRUPTCY CODE FOR VOTING PURPOSES ONLY
TO PROOF OF CLAIM NUMBER 16 FILED NBA MEDIA VENTURES, LLC
AND (II) MOTION TO DESIGNATE VOTE OF NBA MEDIA VENTURES, LLC**

**BLR 9013-1(i) NOTICE: EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**BLR 9013-1(b) NOTICE: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Houston SportsNet Finance LLC, Comcast Sports Management Services, LLC, National Digital Television Center LLC d/b/a Comcast Media Center, NBCUniversal Media LLC, SportsChannel New England LLC, SportsChannel Pacific Associates, and Houston SportsNet Holdings LLC (collectively, the "Comcast Claimants") hereby (i) object, pursuant to section 502(a) of title 11 of the United States Code (the "Bankruptcy Code"), for voting purposes only,

to proof of claim number 16 ( "POC #16") filed by NBA Media Ventures, LLC ("NBA Media") against Houston Regional Sports Network, L.P. (the "Debtor") in the above-captioned chapter 11 case and (ii) seek entry of an order designating the vote of NBA Media as a non-voting Claim under the Plan.[1]  A proposed form of Order is attached hereto as Exhibit A.

To be clear, the Comcast Claimants do not dispute the fact that the Debtor may well be liable to NBA Media for those unpaid amounts reflected in POC #16.  Rather, the Comcast Claimants object to POC #16 on the grounds that POC #16 does not contain sufficient disclosure to determine either the basis for the Claim or the grounds for its classification as a prepetition unsecured claim, and seek to designate the vote of NBA Media on the grounds that whatever the allowed amount of POC #16 may be, it is entitled to priority under sections 507(a)(2) or 507(a)(3) of the Bankruptcy Code, and therefore is not a claim that is entitled to vote to accept or reject the Plan.

**POC #16 Does Not Contain Adequate Disclosure
To Determine Basis or Priority of Claim**

1.     POC #16 was filed by NBA Media on June 23, 2014 in the amount of $2,291,537.00.  As set forth on the proof of claim form, the basis for the claim is "Media Rights and Licensing Agreement; trade payables."  POC #16 does not contain any supporting documentation or any indication whether any or all of the amount asserted is entitled to priority under section 507(a) of the Bankruptcy Code.  Although the Debtor's schedule of executory

---

[1] Capitalized terms are either defined in this Objection or shall have the meaning ascribed to them in the Second Amended Disclosure Statement Relating to the Amended Chapter 11 Plan dated September 4, 2014 in Respect of Houston Regional Sports Network, L.P. (the "Amended Disclosure Statement") [Dkt. # 529] (which incorporates by reference the definitions in and annexed to the Amended Chapter 11 Plan of Reorganization dated September 4, 2014 [Dkt. # 528]).

contracts and unexpired leases[2] lists an agreement between the Debtor and NBA Media, there is no contract with NBA Media listed on the Debtor's list of assumed or rejected contracts.[3] It is the Comcast Claimants' understanding that the Debtor's agreement with NBA Media has lapsed and there is no current agreement between the Debtor and NBA Media. (Crumb Dep. 205:2-6, (Sept. 17, 2014) (A: So I called the NBA. I called David Dennenberg at the NBA and asked what the status of the agreement was. Q: And what did he tell you? A: He said there is no Agreement).).

2. Nevertheless, the Comcast Claimants believe that the amount asserted by NBA Media in POC #16 relates to certain fees owed by the Debtor to NBA Media in connection with the Debtor's "out-of-market" broadcast of Houston Rockets games during the 2013-2014 National Basketball Association season. If this is correct, the entire amount asserted in POC #16 is entitled to priority under sections 507(a)(2) or 507(a)(3) of the Bankruptcy Code as the 2013-2014 season (including the preseason) did not begin until October 5, 2013 – more than a week after the Petition Date. As discussed below, as holders of a priority claim, NBA Media is simply not entitled to vote to accept or reject the Plan, regardless of whether it has agreed to treatment other than what is required under section 1129(a)(9)(A) of the Bankruptcy Code.

3. As part of the discovery being conducted in this case, the Comcast Claimants have requested a deposition of NBA Media. Although the date of this deposition has not been set, the Comcast Claimants believe that the deposition will take place on October 6, 2014, prior

---

[2] *See* Global Notes, Methodology, and Specific Disclosures Regarding Houston Regional Sports Network, L.P.'s Schedules of Assets and Liabilities and Statement of Financial Affairs, Schedule G – Executory Contracts and Unexpired Leases [Dkt. # 329].

[3] *See* Exhibit A to the Debtor's Notice Regarding (I) Executory Contracts and Unexpired Leases to Be Assumed (II) Proposed Cure Amounts, and (III) Related Procedures [Dkt. #585], Exhibit A to the Debtor's Notice of Rejection of Executory Contracts and Unexpired Leases and Related Procedures [Dkt. # 586].

to the conclusion of the Confirmation Hearing, but well after the voting deadline.  To the extent NBA Media is able to provide sufficient evidence to establish the existence of a valid Claim entitled to vote on the Plan, the Comcast Claimants will withdraw this Objection.  To the extent the NBA Media Claim is entitled to priority under section 507(a) of the Bankruptcy Code, the Comcast Claimants do not object to its treatment as such under the Plan.

**NBA Media's Vote Should Be Designated Because Claims Entitled to Priority Are Not Allowed to Vote to Accept or Reject the Plan**

4.  Section 1126(e) of the Bankruptcy Code provides a bankruptcy court with broad discretion to designate the votes "of any entity whose acceptance or rejection of [a] plan was not … procured … in accordance with the provisions of [the Bankruptcy Code]."  11 U.S.C. § 1126(e).  "The decision to designate a creditor's ballot is within the sound discretion of the Court."  *In re Indianapolis Downs, LLC*, 486 B.R. 286, 296 (Bankr. D. Del. 2013) (citing *In re Heritage Organization, L.L.C.*, 376 B.R. 783, 794-95 (Bankr. N.D. Tex. 2007) ("Designation under § 1126(e) is permissive in nature, and a bankruptcy judge has discretion in designating votes.")).  "The consequence of such designation is that the vote is disregarded in the counting of votes to determine whether a class has accepted or rejected the Plan…."  *In re Save Our Springs Alliance, Inc.*, 388 B.R. 202, 230 (Bankr. W.D. Tex. 2008); *see also In re Mangia Pizza Investments*, 480 B.R. 669, 681 (Bankr. W.D. Tex. 2012).  Here, any vote by NBA Media to accept or reject the Plan would not be procured in accordance with the provisions of the Bankruptcy Code for the reasons set forth below.

5.  The Comcast Claimants believe that NBA Media and the Proponents will assert that NBA Media has consented to the conversion of a portion of its priority Claim to an Unsecured Claim that will be impaired under the Plan and entitled to vote as a Class 4 Claim.  As a result, it would appear that the Proponents have requested that NBA Media "subordinate"

4

$500,000 of its $2.2 million filed Claim[4] only to "un-subordinate" the same amount by treating it as a preferred unsecured Class 4 Claim, which will receive payment in full under the Plan. This is not permitted under the Bankruptcy Code, and, to the extent the entire amount of the Claim held by NBA Media is either an Administrative Claim or a Priority Claim, it should receive its statutorily-required treatment, should be unimpaired by the Plan, and, thus, should not be entitled to vote to accept or reject the Plan.

6. To the extent the NBA Media Claim is entitled to priority status, it may not be classified as a voting Claim under the Plan. Section 1123(a)(1) expressly precludes the classification of section 507(a)(2) and 507(a)(3) priority claims. 11 U.S.C. § 1123(a)(1) ("[A] plan shall – designate … classes of claims, other than claims of a kind specified in section 507(a)(2), 507(a)(3), or 507(a)(8) of this title, and classes of interests…."); *see Mangia Pizza*, 480 B.R. at 678 (recognizing that section 1123(a)(1) prohibits the classification of section 507(a)(8) claims) (citing *In re Greenwood Point, LP*, 445 B.R. 885, 906 (Bankr. S.D. Ind. 2011)). As a 507(a)(2) or (a)(3) priority Claim, the NBA Media Claim would be statutorily-entitled to payment in full, in cash, on the Effective Date of the Plan and would, therefore, be considered unimpaired by the Plan. 11 U.S.C. § 1129(a)(9)(A) ("[W]ith respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.").

7. Furthermore, even if NBA Media agrees to worse treatment than that to which it is entitled under section 1129(a)(9), it should be considered unimpaired by the Plan and,

---

[4] On information and belief, the actual outstanding balance of the Claim was paid as a priority claim under the Order Authorized Payment of Gap Period Expenses, dated May 20, 2014 [Dkt. # 398].

therefore, not allowed vote or to be classified with impaired creditors. *See In re Winters*, 99 B.R. 658, 663-64 (Bankr. W.D. Pa. 1989) ("If the priority tax creditors agree to treatment other than what they are entitled to, they are not impaired."); *see also* 11 U.S.C. § 1126(f).  As a holder of an unimpaired Claim, NBA Media would not be entitled to vote alongside holders of *impaired* unsecured Claims, as doing so would dilute the votes of creditors who are legally entitled to vote to accept or reject the Plan.  *See Mangia Pizza*, 480 B.R. at 678-79 ("[G]iven the express statutory treatment afforded tax claims, tax claims should not be given the ability to vote if the taxing authority accepts treatment less than that allowed under *section 1129(a)(9)(C)* and *(D)*.  In doing so, creditors who are not given statutory rights will have their votes diluted.").

## Conclusion

8. The Comcast Claimants have no reason to dispute that NBA Media should be paid on account of whatever allowed claim is described in POC #16.  However, POC #16 does not contain sufficient disclosure to determine the basis or priority of the Claim and therefore, the Comcast Claimants object to POC #16 pending any additional information disclosed at the deposition of NBA Media.  To the extent it is determined that the NBA Media's Claim is entitled to priority under section 507(a) of the Bankruptcy Code, NBA Media vote should be designated and NBA Media should not be allowed to vote its Claim to accept or reject the Plan.

[Remainder of page intentionally left blank]

Dated: September 25, 2014

Respectfully submitted,

/s/

| | |
|---|---|
| Howard M. Shapiro | Vincent P. Slusher |
| Craig Goldblatt | Andrew Zollinger |
| Jonathan Paikin | DLA Piper |
| Wilmer Cutler Pickering Hale and Dorr LLP | 1717 Main Street |
| 1875 Pennsylvania Avenue, N.W. | Suite 4600 |
| Washington, D.C. 20006 | Dallas, TX 75201-4629 |
| (202) 663-6000 | (214) 743-4500 |
| | |
| George W. Shuster, Jr. | Arthur J. Burke |
| Wilmer Cutler Pickering Hale and Dorr LLP | Timothy Graulich |
| 7 World Trade Center | Dana M. Seshens |
| 250 Greenwich Street | Davis Polk & Wardwell LLP |
| New York, NY 10007 | 450 Lexington Avenue |
| (212) 230-8800 | New York, NY 10017 |
| | (212) 450-4000 |

*Counsel for the Comcast Claimants*