IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>HOUSTON REGIONAL SPORTS NETWORK, L.P.,<br><br>      *Debtor*. | Chapter 11<br><br>Case No. 13-35998 |

## COMCAST CLAIMANTS' MOTION TO SEAL

Houston SportNet Holdings LLC ("**Comcast Holdings**") and Comcast Sports Management Services, LLC ("**Comcast Services**", and together with Comcast Holdings, the "**Movants**" or "**Comcast Claimants**") hereby move (the "**Motion**"), pursuant to 11 U.S.C. § 107(b)(1) and Federal Rule of Bankruptcy Procedure 9018, for leave to file their Motion and Supporting Memorandum (the "**Estimation Motion**") Seeking Estimation of Their Claim Against Houston Regional Sports Network, L.P. (the "**Network**") for Voting Purposes under seal. In support hereof, the Movants respectfully state as follows:

### BACKGROUND

1. On September 27, 2013, the Petitioning Creditors filed an Involuntary Petition under Chapter 11 of the Bankruptcy Code against the Network. The Court entered an order for relief on February 4, 2014.

2. On August 6, 2014, Rocket Ball, Ltd. (the "**Rockets**") and Houston Astros, LLC (the "**Astros**," and together with the Rockets, the "**Teams**") and the Debtor (collectively, the "**Plan Proponents**") filed a Chapter 11 Plan of Reorganization dated August 6, 2014 in Respect of Houston Regional Sports Network, L.P. [Dkt. # 471] (as originally filed and subsequently amended, the "**Proposed Plan**"), as well as a Disclosure Statement Relating to

the Proposed Plan [Dkt. # 472] (as originally filed and subsequently amended, the "**Disclosure Statement**").

3. On August 19, 2014, the Court entered an Agreed Protective Order Regarding Plan-Related Materials and Authorizing Certain Filings Under Seal [Dkt. No. 486] ("**Protective Order**") that authorizes any party disclosing information to designate such information as Confidential or Highly Confidential.

4. The Astros have designated certain documents and deposition testimony of Astros' witnesses that were deposed in this case as Highly Confidential. The information designated by the Astros as Highly Confidential is critical to the Estimation Motion. Movants refer to information designated as Highly Confidential in the Estimation Motion and attach such information as exhibits to the Estimation Motion.

5. Paragraph 19 of the Protective Order provides that motions and other documents submitted to the Court that contain information designated as Confidential or Highly Confidential shall be filed under seal:

> Any document containing Confidential or Highly Confidential Discovery Materials that is submitted to or filed with the Bankruptcy Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the style of the action, an identification of the contents of such sealed envelope or container, the words "Confidential" and/or "Highly Confidential," and an explanation that the Discovery Materials contained therein have been designated Confidential or Highly Confidential pursuant to this Protective Order. A Party submitting or filing papers under seal shall also submit or file a public version of such papers within five (5) business days after the sealed submission or filing. Such public version shall redact any Confidential or Highly Confidential Discovery Materials. Prior to submitting or filing a public version of documents filed under seal, the Party making such submission or filing shall give the Designating Party at least three (3) business days to review the proposed public version to ensure that all Confidential or Highly Confidential Discovery Materials have been properly redacted.

6. Accordingly, pursuant to Paragraph 19 of the Protective Order, Movants seek

leave to file the Estimation Motion under seal. Pursuant to the Protective Order, the Movants, in connection with the filing of this Motion, will provide a proposed "Public Version" of the Estimation Motion to the Astros. Once the Astros have approved a "Public Version" of the Estimation Motion, the Movants will file and serve it publically as contemplated in the Protective Order. Comcast Claimants are also providing a complete copy of the Estimation Motion to the Court.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court enter an order granting the relief requested herein and any other relief that the Court may deem appropriate.

Respectfully submitted,

| | |
|---|---|
| Howard M. Shapiro | /s/  Vincent P. Slusher |
| Craig Goldblatt | Vincent P. Slusher |
| Jonathan Paikin | Andrew Zollinger |
| WILMER CUTLER PICKERING | DLA PIPER |
|     HALE AND DORR LLP | 1717 Main Street |
| 1875 Pennsylvania Ave., N.W. | Suite 4600 |
| Washington, D.C.  20006 | Dallas, Texas 75201-4629 |
| (202) 663-6000 | (214) 743-4500 |
| | |
| George W. Shuster, Jr. | Arthur J. Burke |
| WILMER CUTLER PICKERING | Dana M. Seshens |
|     HALE AND DORR LLP | Timothy Graulich |
| 7 World Trade Center | DAVIS POLK & WARDWELL LLP |
| 250 Greenwich Street | 450 Lexington Avenue |
| New York, NY 10007 | New York, NY 10017 |
| (212) 230-8800 | (212) 450-4000 |

*Counsel for the Comcast Claimants*

Submitted September 25, 2014.