UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>HOUSTON REGIONAL SPORTS NETWORK, L.P.<br><br>Debtor. | Chapter 11<br><br>Case No. 13-35998 |

**PROPONENTS' OBJECTION TO THE COMCAST ENTITIES
EMERGENCY MOTION TO STRIKE SECOND AMENDED PLAN OR TO
RE-SET THE SCHEDULING OF THE CONFIRMATION HEARING**
(Related to Doc. No. 656)

Houston Regional Sports Network, L.P., Houston Astros, LLC, and Rocket Ball, Ltd. (collectively, the "**Proponents**") hereby object to the *Comcast Entities Emergency Motion to Strike Second Amended Plan or to Re-Set the Scheduling of the Confirmation Hearing* (Doc. No. 656) (the "**Motion to Strike**") for the following reasons:

**OBJECTION**

1. In their Motion to Strike, the Comcast Entities claim to be prejudiced due to the amendments to the First Amended Plan incorporated into the Second Amended Plan. The amendments though are designed to address Comcast Lender's election under section 1111(b) of the Bankruptcy Code, and the Proponents agreed that Comcast Lender could make its election up to one week after the conclusion of the hearing to consider the Disclosure Statement. At the time Comcast Lender made that election, it most certainly knew that the First Amended Plan would need to be amended since it did not expressly contemplate an election being made. The Second Amended Plan indicates that (a) on the Effective Date Comcast Lender would receive in full satisfaction of the Comcast Lender Secured Claim (i) the Abandoned Comcast Lender Cash Collateral, (ii) the proceeds or value of the FF&E Sale, and (iii) Cash in an amount equal to the value of the Comcast Lender Residual Collateral (which largely consists of the Comcast

Affiliation Agreement), (b) the Plan serves as an objection to any election under section 1111(b) of the Bankruptcy Code due to the inconsequential value of the Comcast Lender Residual Collateral, and (c) the Comcast Lender Deficiency Claim will be satisfied with Class A Litigation Trust Beneficial Interests.

2. The Comcast Entities claim that the amendments fundamentally change the matters in dispute and that they have proceeded down an incorrect path towards confirmation; however, this is clearly not the case.

3. As an initial matter, plan amendments are commonplace, even in the midst of confirmation hearings. Section 1127 of the Bankruptcy Code and Rule 3019 of the Federal Rules of Bankruptcy Procedure both expressly contemplate pre-confirmation (and even post-voting deadline) modifications to chapter 11 plans, and courts have found that modifications even at confirmation and with limited notice to third-parties is appropriate. *See, e.g.*, *In re Am. Solar King Corp.*, 90 B.R. 808, 819 (Bankr. W.D. Tex. 1988).

4. Moreover, Comcast Lender was acutely aware of the fact that the Proponents could challenge its section 1111(b) election. Section 1111(b)(1)(B) expressly conditions the right to make a section 1111(b) election on secured creditor's collateral not being of inconsequential value. 11 U.S.C. § 1111(b)(1)(B). The Proponents never waived their right to raise that objection and have always maintained that the Comcast Affiliation Agreement does not have material value.

5. Indeed, the Proponents' expert valuation report, submitted after Comcast Lender made its election, expressly indicated that the Existing Affiliation Agreements, Leases, and Intangible Assets securing Comcast Lender's loan was of no value. Moreover, during discovery relating to the Plan, one issue that the Proponents have explored is the value of Comcast's

collateral in connection with Comcast Lender's section 1111(b) election.  This issue cannot be a surprise to the Comcast Entities.

6.  Further, Comcast Lender was aware of the fact that the Investment Agreement prohibited the existence of post-Effective Date liens and appears to have made its 1111(b) election precisely because it knew that such an election would require an amendment to the Plan.  Indeed, Comcast's counsel argued at the hearing held on September 10, 2014 that the Plan was fatally defective on account of the conflict between Comcast's 1111(b) election option and the plan's preclusion on post effective date liens.  *See* Sept 10, 2014 Hr'g Tr. 21:6-21:21; 24:13-16.  Comcast's hope in making its section 1111(b) election was that the Purchasers and Proponents would be unable to agree on an amendment that could address this conflict, rendering the Plan unable to be confirmed.

7.  Importantly, the amendments present no new factual questions – the issues raised (all of which should have been anticipated by Comcast) are entirely legal.  The propriety of the treatment of the Comcast Lender Secured Claim will hinge on a valuation of the Comcast Lender Collateral.  As the Comcast Entities admit in the Motion to Strike, "[b]oth the Plan Proponents and Comcast have submitted expert reports that value the collateral securing Comcast Lender's loan."  Motion to Strike, at 5.  Depositions of the parties' valuation experts are scheduled for October 2 and 3, and Comcast will at that time, and then at confirmation, have the opportunity contest the basis for the Proponents' objection under section 1111(b)(1)(B).

8.  The amendments also cause no prejudice to voting.  The only claim that is arguably affected by the amendments is the Comcast Lender Secured Claim.  Comcast Lender's no vote has been expected for months and there is no reason to think that the amendment will prompt a yes vote, particularly given the tone of the Motion to Strike.

9. Comcast has had adequate notice regarding the issues presented and has already submitted an expert report that addresses the value of the collateral securing its claim. Moreover, it will have an adequate opportunity to examine the Proponents' expert and develop legal arguments regarding the relatively straightforward issues presented. As such, confirmation should continue as scheduled.

## CONCLUSION

WHEREFORE, the Proponents respectfully request that the Court deny the Motion to Strike in its entirety and proceed with confirmation as scheduled.

Dated: October 1, 2014
      Houston, Texas

HAYNES AND BOONE, LLP

By:   /s/ Charles A. Beckham, Jr.
     Charles A. Beckham, Jr.
     Texas Bar No. 02016600
     Henry Flores
     Texas Bar No. 00784062
     Christopher L. Castillo
     Texas Bar No. 24065022
     1221 McKinney Street, Suite 2100
     Houston, Texas 77010
     Telephone: (713) 547-2000
     Facsimile: (713) 547-2600

*Counsel to Debtor and Debtor in Possession*

MITHOFF LAW FIRM
Richard Warren Mithoff
Sherie Potts Beckman
One Allen Center, Penthouse
500 Dallas Street
Houston, Texas 77002-4800
Telephone: (713) 654-1122
Facsimile: (713) 739-8085

WHITE & CASE LLP
Alan Shore Gover
Ian J. Silverbrand (admitted *pro hac vice*)
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Roberto J. Kampfner (admitted *pro hac vice*)
633 West Fifth Street, Suite 1900
Los Angeles, California 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

*Counsel for Rocket Ball, Ltd.*

VINSON & ELKINS LLP
Harry A. Perrin
Duston K. McFaul
1001 Fannin Suite 2500
Houston, Texas 77002
Telephone: (713) 758-2548
Facsimile: (713) 615-5016

KIRKLAND & ELLIS LLP
Paul M. Basta, P.C. (admitted *pro hac vice*)
David S. Meyer (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jeffrey S. Powell (admitted *pro hac vice*)
Judson D. Brown (admitted *pro hac vice*)
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for Houston Astros, LLC*