UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/19/2019

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| HOUSTON REGIONAL SPORTS NETWORK, L.P. | : | Chapter 11 |
| | : | |
| Debtor. | : | Case No.: 13-35998 |
| | : | |
| | : | |

**STIPULATION AND ORDER GOVERNING
THE PRODUCTION AND/OR DISCLOSURE OF
CONFIDENTIAL PLAN DOCUMENTS AND DISCOVERY MATERIALS
<u>AND AUTHORIZING THE FILING OF CERTAIN DOCUMENTS UNDER SEAL</u>**

This Stipulation and Order (the "Protective Order") is entered into by and between (a) Houston SportsNet Finance, LLC ("Comcast Lender"); Comcast Sports Management Services, LLC; Houston SportsNet Holdings, LLC; Comcast Cable Communications, LLC; and NBCUniversal Media LLC (collectively, "Comcast"); (b) Astros HRSN LP Holdings LLC, Astros HRSN GP Holdings LLC and Houston Astros, LLC (collectively, the "Astros"); and (c) Rockets Partner, L.P.; Rocket Ball, Ltd.; and Clutch City Sports & Entertainment, L.P. (collectively, the "Rockets") (each of (a) through (c) individually, a "Party," and, collectively, the "Parties").

**WHEREAS**, by order dated November 2, 2018, the Bankruptcy Court ordered that the evidentiary record in the above-referenced Chapter 11 case (the "Chapter 11 Case") be reopened following the decision of the United States Court of Appeals for the Fifth Circuit, dated March 28, 2018, remanding for a re-valuation of Comcast Lender's collateral in light of the plan of reorganization confirmed by the Bankruptcy Court in the Chapter 11 Case in October 2014;

**WHEREAS**, by order dated July 31, 2019, the Bankruptcy Court ordered that the question that must be answered on remand is: "Was the Affiliation Agreement between

Comcast and the Network of inconsequential value as of the petition date, based on the proposed use or disposition of the Affiliation Agreement under the confirmed Plan?" (the "Contested Matter");

**WHEREAS**, the Parties anticipate exchanging certain documents and information and deposing witnesses in connection with the Contested Matter;

**WHEREAS**, the Parties recognize that their exchange of information and responses to discovery requests may require the Parties to divulge information that a Party considers to be Confidential or Highly Confidential (each as defined herein), including but not limited to financial, proprietary, and commercially sensitive information regarding the Parties and their businesses;

**WHEREAS**, the Parties seek to facilitate the prompt resolution of disputes over confidentiality and to prevent the disclosure and use of Confidential and Highly Confidential Discovery Materials (as defined herein) except as set forth herein.

**NOW, BASED ON THE FOREGOING STIPULATIONS, IT IS ORDERED:**

1. This Protective Order governs the handling of all documents, information, data, testimony, and other materials produced or disclosed in discovery in connection with the Contested Matter ("Discovery Materials").

2. "Producing Party" shall mean a Party that produces Discovery Materials in connection with the Contested Matter.

3. "Receiving Party" shall mean a Party that receives Discovery Materials in connection with the Contested Matter.

4. "Designating Party" shall mean a Producing Party that designates Discovery Materials that it produces in connection with the Contested Matter as "Confidential" or "Highly Confidential" in accordance with the provisions set forth herein.

5. All deadlines stated herein shall be computed pursuant to Federal Rule of Bankruptcy Procedure 9006.

6. All Discovery Materials, whether or not designated as "Confidential" or "Highly Confidential" in accordance with provisions set forth herein, shall be used by the Receiving Parties solely for purposes of the Contested Matter, and only to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.  Discovery materials previously produced in the Chapter 11 Case shall be deemed produced in the Contested Matter and may be used for purposes of the Contested Matter, to the extent relevant thereto, subject to the terms of this Protective Order and all other protective orders previously entered in the Chapter 11 Case.

7. Nothing contained herein shall be deemed a waiver of any objection concerning the confidentiality of any documents, information, or data requested by a Party.

8. "Confidential" Discovery Materials are materials that contain (a) trade secret or other confidential research, development, or commercial information protected by Rule 9018 of the Federal Rules of Bankruptcy Procedure, (b) information subject by law or by contract to a legally protected right of privacy, (c) information which the Producing Party is legally obligated by law or contract to keep confidential, as reasonably determined by the Producing Party, or (d) information that the Producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence.

3

9. "Highly Confidential" Discovery Materials are materials that are Confidential, as defined herein, and that also include competitively sensitive Confidential Discovery Materials of the Designating Party, the disclosure of which may result in competitive harm, including, but not limited to (i) any documents or information relating to or reflective of market strategies, including business planning, contract negotiations and terms, and research and development activities, (ii) any documents or information relating to or reflective of pricing, including underlying cost data, budgets, and any price-related terms of a party, and (iii) any documents or information relating to or reflective of customer information.

10. A Producing Party who reasonably and in good faith believes that Discovery Materials are Confidential, as defined in paragraph 8, or "Highly Confidential," as defined in paragraph 9, may so designate the Discovery Materials as follows:

a. By imprinting the term "Confidential" or "Highly Confidential," as appropriate, on each page of any document produced that is so designated or, in the case of a document or information produced in native format, on an accompanying production page;

b. By imprinting the term "Confidential" or "Highly Confidential," as appropriate, next to or above any response to a written discovery request such as an interrogatory;

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions (and exhibits thereto) as "Confidential" or "Highly Confidential," as appropriate, no later than seven (7) calendar days after receipt of the final transcript of a deposition, or by orally designating such testimony as "Confidential" or "Highly Confidential," as appropriate, on the record at the deposition or other proceeding at which it is given. Until the seven (7) calendar day period expires, all deposition transcripts shall be treated

as Highly Confidential. The Party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as "Confidential" or "Highly Confidential" are appropriately marked and sealed by the reporter; and

        d.      For Discovery Materials produced in non-paper media (e.g., videotape, audiotape, and computer disk), designation shall be made by affixing in a prominent place on the exterior of the container or containers in which the Discovery Materials are stored the legend "Confidential" or "Highly Confidential," as appropriate.

      11.      Discovery Materials previously designated Confidential or Highly Confidential that are marked as exhibits during a deposition shall be treated accordingly by the Parties.

      12.      If a Designating Party believes that a deposition question calls for Highly Confidential Discovery Materials of the Designating Party, counsel for that Party may, before the witness answers, so state, and any persons who are in attendance who are not authorized under this Protective Order to have access to such Highly Confidential Discovery Materials must then absent themselves for the duration of the testimony containing Highly Confidential Discovery Materials. A Party's failure to so advance designate at a deposition shall not constitute a waiver of that Party's right to later designate such testimony as Confidential or Highly Confidential pursuant to this Protective Order.

      13.      A Party's inadvertent failure to designate any Discovery Materials as Confidential or Highly Confidential shall not be deemed a waiver of that Party's later claim that such Discovery Materials are Confidential or Highly Confidential and such Party may designate such Discovery Materials as Confidential or Highly Confidential pursuant to this Protective Order at any time thereafter. At such time, arrangement will be made for the return to the Producing Party of all copies of the mis-designated Discovery Materials and for the substitution, where

appropriate, of properly labeled copies of such Discovery Materials. All previously produced copies of such Discovery Materials that were mis-designated shall be destroyed by the Receiving Party or Parties upon receipt of replacement copies of such Discovery Materials with the proper designation. The Receiving Party shall verify in writing that it has destroyed said mis-designated Discovery Materials.

14. Discovery Materials designated Confidential, and any and all information contained within those Discovery Materials, may be disclosed only to the following persons:

    a. Outside counsel of record for the Parties and employees of such attorneys or their firms, including service providers, such as electronic discovery vendors, graphic services, printing and document duplicating or management services;

    b. Officers, directors and in-house counsel of the Parties (or of corporate parents, owners, subsidiaries, or affiliates of the Parties);

    c. Employees of the Parties who are actively engaged in assisting counsel with the Contested Matter, provided that such persons are given a copy of this Protective Order and agree to be subject to and bound by the terms thereof in an affidavit in the form of Exhibit A hereto;

    d. To the extent disclosure is not authorized under another subparagraph, witnesses and potential witnesses who have been noticed or subpoenaed for testimony in connection with the Contested Matter, other than experts, in connection with actual or potential testimony (including deposition testimony) relating to the Contested Matter, provided there is a reasonable basis to believe that the witnesses or potential witnesses may give relevant testimony regarding the Confidential Discovery Materials. The witness shall be informed that this Protective Order restricts the disclosure of the Confidential Discovery Materials, that he or she

may consider and/or use such Discovery Materials only for purposes of preparing to testify or testifying for purposes of the Contested Matter and not for any other purpose, and that he or she is subject to the Bankruptcy Court's jurisdiction for purposes of enforcing this Protective Order. No individual who is shown Discovery Materials designated Confidential pursuant to this subsection shall be permitted to retain or keep copies of such Discovery Materials or to view them outside the presence of counsel, unless permitted by some other provision of this Protective Order to do so;

      e.      With respect to particular documents or data designated as Confidential, any individual indicated on the face of the document as its author, addressee, or other recipient, or any other sender/transmitter or recipients of the document or data;

      f.      Actual or potential independent experts or consultants retained by a Party in connection with the Contested Matter, and the employees of such experts or consultants (or the employees or members of any firm through which the expert or consultant is performing work for purposes of the Contested Matter), provided that such experts or consultants are not employed by an actual or reasonably likely future competitor or business counterparty of the Producing Party, or retained on separate matters adverse to the interests of the Producing Party, at the time of disclosure. "Independent" for purposes of this subparagraph refers to a person who is not otherwise employed by, is not an officer or director of, and does not have an ownership interest in the Party by which he or she is retained in this Contested Matter. A person is "employed by" a Party if that person is on the regular payroll of the Party or an affiliate of the Party. Before Discovery Materials designated as Confidential are disclosed to any individual under this subparagraph, the individual must sign an affidavit in the form of Exhibit A hereto;

g. The Bankruptcy Court and the Bankruptcy Court's personnel working on this Chapter 11 Case (absent further order of the Bankruptcy Court that may be made respecting confidentiality of materials presented in Bankruptcy Court);

h. Special masters, mediators, arbitrators, or referees appointed by the Bankruptcy Court or retained by the Parties;

i. Court reporters, videographers, and their clerical personnel in connection with work on this Chapter 11 Case relating to the Contested Matter;

j. Such other persons as the Parties may agree upon in writing or as ordered by the Bankruptcy Court.

15. Discovery Materials designated Highly Confidential, and any and all information contained within those Discovery Materials, may be disclosed only to the persons described in paragraphs 14(a), (e), (f), (g), (h), (i), and (j) under the terms and conditions therein specified. In addition, a Party may disclose Discovery Materials designated Highly Confidential: to (1) a witness or potential witness employed by the Designating Party or by a corporate parent, owner, subsidiary, or affiliate of a Designating Party; or (2) other witnesses and potential witnesses, but in respect of both subsections 15(1) and (2), only to the extent that counsel for the examining or preparing Party reasonably believes in good faith that such witness or potential witness authored or previously received or reviewed the Highly Confidential Discovery Materials in the course of business. In addition, to the extent the designated Discovery Materials purport to describe the conduct or statements of the witness or potential witness, he or she may be shown the particular portion of the designated Discovery Materials purporting to describe his or her conduct or statements, but only that portion and not the remainder of the designated Discovery Materials.

16. All individuals authorized to review Confidential or Highly Confidential Discovery Materials pursuant to this Protective Order shall hold said Discovery Materials in confidence and shall not divulge them, either verbally or in writing, to any other person, entity, or government agency, except to the extent permitted by paragraphs 14 and 15, unless authorized to do so by court order or, subject to paragraph 28, as required by subpoena, and shall not directly or indirectly consult, review, consider or make any use whatsoever of such Discovery Materials for any purpose other than in compliance with paragraph 6 above.

17. All Parties shall, and shall cause their agents, employees, controlling persons, consultants, advisors, accountants, and legal counsel (collectively, the "Representatives") to use the Discovery Materials solely in a manner consistent with this Protective Order and make all reasonably necessary efforts to safeguard Discovery Materials designated Confidential or Highly Confidential from disclosure to anyone other than as permitted hereby. The Parties agree that Representatives who are given access to Confidential or Highly Confidential Discovery Materials will be instructed that such persons and the Parties are bound by the terms of this Protective Order.

18. If a Party objects to the designation of certain Discovery Materials as Confidential or Highly Confidential, the Party shall so inform the Producing Party in writing, stating the grounds for the objection, as soon as practicable, but no later than five (5) business days from the date of use if the objected-to Discovery Materials are used in pleadings, depositions, hearings, or written discovery. Counsel for all Parties shall have five (5) business days from the date the Producing Party received the written objections to attempt to resolve the dispute in good faith and on an informal basis. If after such good faith attempt the dispute remains unresolved, the Party opposing the designation may move for an order requiring de-designation or re-designation

of the Confidential or Highly Confidential information. All information shall continue to have its designated status as Confidential or Highly Confidential, as the case may be, and any use of such information in any pleadings, depositions, hearings, or written discovery shall remain subject to the restrictions and requirements set forth in this Protective Order, from the time it is produced until entry of an order by the Bankruptcy Court requiring de-designation or re-designation of the Confidential or Highly Confidential information, or unless otherwise agreed by the Producing Party.

19. Any document containing Confidential or Highly Confidential Discovery Materials that is submitted to or filed with the Bankruptcy Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the style of the action, an identification of the contents of such sealed envelope or container, the words "Confidential" and/or "Highly Confidential," and an explanation that the Discovery Materials contained therein have been designated Confidential or Highly Confidential pursuant to this Protective Order. A Party submitting or filing papers under seal shall also submit or file a public version of such papers within five (5) business days after the sealed submission or filing. Such public version shall redact any Confidential or Highly Confidential Discovery Materials. Prior to submitting or filing a public version of documents filed under seal, the Party making such submission or filing shall give the Designating Party at least three (3) business days to review the proposed public version to ensure that all Confidential or Highly Confidential Discovery Materials have been properly redacted.

20. Nothing in paragraph 19 of this Protective Order shall be construed to limit or prohibit the right of any entity or individual having the requisite standing to challenge a designation of any Discovery Materials as Confidential or Highly Confidential under the

procedures set forth in paragraph 18 above. Accordingly, all Confidential or Highly Confidential Discovery Materials must be filed under seal pursuant to the procedure set out in paragraph 19 unless and until such time as the Bankruptcy Court has ruled that such Discovery Materials are not Confidential or Highly Confidential.

21.     Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents in this action, may serve a copy of this Protective Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she or it may designate documents produced pursuant to such subpoena as Confidential or Highly Confidential pursuant to this Protective Order as may be appropriate.

22.     Inadvertent disclosure of Discovery Materials that the Producing Party contends is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure ("Privileged Materials") shall not waive any privilege, protection, or immunity, otherwise applicable to the Privileged Materials under state or federal law. A Party may obtain the return of any Privileged Materials by notifying the recipient(s) in writing and requesting their return, sequestration, or destruction. Except as provided in this paragraph, within three (3) business days, the recipient(s) shall gather and return all copies of the Privileged Materials to the Producing Party, or alternatively, destroy the Privileged Materials and certify as such to the Producing Party. After Privileged Materials are returned, sequestered, or destroyed pursuant to this paragraph, a Party may move the Bankruptcy Court for an order compelling production of the Privileged Materials, but such party may not assert as a ground for entering such an order the fact of inadvertent production. Nor may a party challenging the privilege assertion assert the diligence or lack thereof of counsel in producing the document, nor the scope of such inadvertent production as a grounds for waiver of the privilege. If a Party requests the

return, pursuant to this paragraph, of Privileged Materials then in the custody of one or more other Parties, the possessing Parties shall not make further use of the Privileged Materials until such time as the Bankruptcy Court has ruled on a motion respecting the privilege objections.

23. In the event of a disclosure by a Receiving Party of Confidential or Highly Confidential Discovery Materials to persons or entities not authorized by this Protective Order to receive such Discovery Materials, the Receiving Party making the disclosure shall, upon learning of the disclosure: (i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Confidential or Highly Confidential Discovery Materials subject to this Protective Order; (ii) immediately make reasonable efforts to recover the disclosed Discovery Materials as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and (iii) immediately notify the Producing Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Discovery Materials and ensure against further dissemination or use of thereof. Disclosure of Confidential or Highly Confidential Discovery Materials other than in accordance with the terms of this Protective Order will subject the disclosing person to such sanctions and remedies as the Bankruptcy Court may deem appropriate. Nothing in this Protective Order shall affect the rights of any Party, during discovery proceedings, trial, or any other proceedings before a court, to object to the production or admission as evidence of any Confidential or Highly Confidential Discovery Materials.

24. The resolution of the Chapter 11 Case or this Contested Matter shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential or Highly Confidential Discovery Materials pursuant to this

Protective Order, and the Bankruptcy Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

25. Upon resolution of the Chapter 11 Case, including any appeals, each Party's counsel shall within sixty (60) days return to the producing Party all Confidential or Highly Confidential Discovery Materials provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes, or copies made therefrom, or shall, at such Party's option, destroy all such Discovery Materials, and all extracts, abstracts, charts, summaries, notes, and copies made therefrom, and shall certify in writing to the producing Party that such destruction has been accomplished. However, the Party's outside litigation counsel shall be allowed to keep a complete set of all pleadings, court filings, discovery responses, transcripts, exhibits used in depositions or court, correspondence, and the attorney's work product, even if those documents include reference to or inclusion of Confidential or Highly Confidential Discovery Materials ("Attorney's File"), unless a Party objects within thirty (30) days of the resolution of this Contested Matter to the outside litigation counsel's retention of any portion of the Attorney's File. The Parties shall agree to confer regarding any such objection and, in the event that it is not resolved by consent, shall bring it to the attention of the Bankruptcy Court for resolution. In any event, such Attorney's File shall continue to be subject to the restrictions of this Protective Order.

26. The requirement to return or destroy Discovery Materials marked as Confidential or Highly Confidential outlined in paragraph 25, above, shall not require counsel to search through emails and email attachments (or any archives or backups thereof), except to the extent that counsel has an email folder dedicated to storing Confidential or Highly Confidential information in the Chapter 11 Case. The obligations not to use and not to disclose Confidential

or Highly Confidential contained therein (including in emails, email attachments, archives or backups, for example) shall continue in force and counsel will continue to be subject to the restrictions of this Order with respect to any residual email materials.

27. Nothing in this Protective Order shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its own Confidential or Highly Confidential Discovery Materials; (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery in the Chapter 11 Case, whether or not such documents, materials, or information are also obtained through discovery in this Chapter 11 Case; (c) preclude the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential or Highly Confidential Discovery Materials; (d) preclude any Party from filing a motion seeking greater, more limited, or different protection from the Bankruptcy Court under applicable procedural rules; or (e) preclude any Party from filing a motion with respect to the manner in which Confidential or Highly Confidential Information shall be treated at trial in connection with the Contested Matter.

28. Should a Party to this Protective Order receive a subpoena or other process to disclose Confidential or Highly Confidential Discovery Materials, that Party shall provide notice at least five (5) business days prior to production of any such Discovery Materials, in writing, and a copy of such subpoena or other process, to the Producing Party. To the extent it is impossible to provide notice to the Producing Party at least five (5) business days in advance of production, the Party shall provide notice as far in advance as practicable prior to production. The Party receiving the subpoena or other process shall defer compliance with the subpoena or other process if the Producing Party has timely moved to quash or modify the subpoena or other

process, until such time as there is a final order. The Party receiving such subpoena or other process shall also advise the person or entity who has served the subpoena or other process of this Order.

29. All notices given by counsel for one Party to counsel for another Party under this Protective Order shall be delivered by electronic mail.

30. If any Party discloses Discovery Material designated Confidential or Highly Confidential to a recipient such that said recipient would be required, per the terms set forth herein, to execute an affidavit in the form of Exhibit A hereto, counsel for the Disclosing Party shall retain an executed copy of such affidavit but need not file it with the Bankruptcy Court.

31. The failure to designate Discovery Materials as Confidential or Highly Confidential shall not constitute a waiver of any claim outside of this Chapter 11 Case that such Discovery Materials contain trade secrets or proprietary business information, or are otherwise confidential.

32. Nothing in this Protective Order shall relieve a party of its obligations under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to discovery requests.

33. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Chapter 11 Case and, in the course thereof, relying on examination of Confidential or Highly Confidential Information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

Signed: December 19, 2019

_____
Marvin Isgur
United States Bankruptcy Judge

IT IS HEREBY STIPULATED AND AGREED:

| | |
|---|---|
| */s/ Joshua A. Sussberg* | */s/ Roberto J. Kampfner* |
| Joshua A. Sussberg, P.C. (*pro hac vice*) | Roberto J. Kampfner (pro hac vice) |
| KIRKLAND & ELLIS LLP | WHITE & CASE LLP |
| 601 Lexington Avenue | 555 South Flower Street, Suite 2700 |
| New York, New York 10022 | Los Angeles, California 90071-2007 |
| Telephone: 212-446-4800 | Telephone: 213-620-7700 |
| Facsimile: 212-446-4900 | Facsimile: 213-452-2329 |
| joshua.sussberg@kirkland.com | rkampfner@whitecase.com |
| | |
| Judson Brown, P.C. (*pro hac vice*) | Douglas Baumstein (pro hac vice) |
| KIRKLAND & ELLIS LLP | WHITE & CASE LLP |
| 1301 Pennsylvania Avenue, N.W. | 1221 Avenue of the Americas |
| Washington, D.C. 20004 | New York, New York 10020 |
| Telephone: 202-389-5000 | Telephone: 212-819-8200 |
| Facsimile: 202-389-5200 | Facsimile: 212-354-8113 |
| judson.brown@kirkland.com | dbaumstein@whitecase.com |
| | |
| | *Attorneys for Rocketball, Ltd.* |
| Harry A. Perrin | |
| VINSON & ELKINS LLP | |
| 1001 Fannin Suite 2500 | |
| Houston, Texas 77002 | |
| Telephone: 713-758-2548 | |
| Facsimile: 713-615-5016 | |
| hperrin@velaw.com | |
| | |
| *Attorneys for Houston Astros, LLC* | |

*/s/ Vincent P. Slusher*
Vincent P. Slusher
DRINKER BIDDLE & REATH LLP
1717 Main Street, Ste. 5400
Dallas, TX 75201-7367
Telephone: 469-357-2571
Facsimile: 469-327-0860
Vince.Slusher@dbr.com

Howard M. Shapiro
Craig Goldblatt
Isley Gostin
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
Telephone: 202-663-6000
Facsimile: 202-663-6363
howard.shapiro@wilmerhale.com
craig.goldblatt@wilmerhale.com
isley.gostin@wilmerhale.com


Arthur J. Burke
Dana M. Seshens
Brian M. Burnovski
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: 212-450-4000
Facsimile: 212-701-5800
arthur.burke@davispolk.com
dana.seshens@davispolk.com
brian.burnovski@davispolk.com

*Attorneys for Comcast*